## L. E. ALBERT ET AL. v. BOARD OF REVISION.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
NO. 2 OF PHILADELPHIA COUNTY.

Argued January 16, 1891—Quashed at Bar.

It seems: An appeal and certiorari to the Supreme Court will not lie from
an order of the Court of Common Pleas dismissing an appeal, taken un-
der the act of April 19, 1889, P. L. 37, from the refusal of the board of
revision of taxes to exempt real estate from taxation under the pro-
visions of the act of May 14, 1874, P. L. 158.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 98 July Term 1890, Sup. Ct.; court below, No. 85 De-
cember Term 1882, C. P. No. 2.

On November 23, 1889, Rev. Dr. L. E. Albert and others,
trustees, filed their petition averring in substance:

That they were the owners, in trust for All Saints' Lutheran
Church, an unincorporated society, of all that certain lot or
piece of ground, with the church building thereon, on the
northwest corner of Sixteenth street and Saint Luke's Block,
in the Thirty-third ward; that said premises stood assessed in
the name of Frank Barber upon the books of the board of re-
vision of taxes for 1889; that one half of said premises was
used exclusively as a regular place of stated religious worship,
and the other half was used partly for religious purposes and
partly by the board of public education for public school pur-
poses, for which said board paid a rental to said trustees of
$625 per annum; that the latter half of the premises was nec-

---

* In this case, as well as in that following, the paper-books did not
show that any exception whatever was sealed in the court below, raising
any question for the Supreme Court to decide.

essary for the proper occupancy and enjoyment of the other half used exclusively for religious worship, and that said rental was appropriated by said trustees to maintain and support said religious society ; that the board of revision of taxes for the said county had assessed said premises for purposes of taxation, for the year 1889, at $5,000, to which the petitioners had objected, claiming that said premises were wholly exempt from taxation ; that thereupon said board, on October 26, 1889, reduced the assessment to $2,500 ; that the petitioners felt aggrieved at said action of said board, in that they had refused to wholly exempt said premises from taxation, and appealed to the court for such relief as might be deemed meet and proper, etc.

An amendment to the petition, filed December 21, 1889, averred, inter alia, that regular stated week-day evening meetings for religious worship were held in the half of said premises occupied by the board of public education, and that said premises could not be physically divided into two distinct parts.

No answer was filed on behalf of the board of revision, and, after argument, an order was made dismissing the appeal. Thereupon the petitioners took this appeal, specifying that the court erred :

1. In not sustaining petitioners' appeal.

2. In not holding the proviso to the act of May 14, 1874, P. L. 158, to be unconstitutional.

3. In holding that, from the statement of facts submitted, the law was with the appellee.

*Mr. Frank A. Hartranft*, for the appellant.

· Counsel cited: Section 1, article IX. of the constitution; act of May 14, 1874, P. L. 158 ; Sewickley Bor. v. Sholes, 118 Pa. 170 ; act of April 19, 1889, P. L. 37.

*Mr. Charles B. McMichael* and *Mr. Charles F. Warwick*, for the appellees, were not heard.

In the brief filed, counsel urged that the act of April 19, 1889, P. L. 37, gave to the Court of Common Pleas merely the power to reduce the assessment, on proof submitted that it was too high, and not to decide that the assessment was illegal.

PER CURIAM:

—On the argument at Bar,

Appeal quashed.